The judges delivered the following opinions:
TiLGHMjyN, C. J.
This 'is a writ of entry sur disseisin, fyc. brought by James Witherow against Frederick Keller, in the Court of Common Pleas of Mifflin county. The defendant demurred to the writ and declaration, and the court gave judgment in his favour. Two questions have been argued: 1st, Whether this action lies in Pennsylvania? 2d, Supposing it to lie, whether the writ and declaration are good?
1. The main argument against the action is, that this is the first instance of its having been brought, except in cases of common recovery. Some reliance has been placed too, on the act of 21st of March, 1806, (to regulate arbitrations and proceedings in courts of justice,) and the supplement thereto, 18th of April, 1807. But I cannot perceive, that these acts have the least effect on writs of entry. They are confined altogether to the writ of ejectment, the form of which is prescribed, with a provision, that where there shall be two verdicts and judgments in succession, either for plaintiff or defendant, no new ejectment shall be brought, but where there may be verdict against verdict, between the same parties, and *273 judgment.thereon, a third ejectment in such case, and verdict and judgment thereon, shall be final and conclusive, and bar the right. There might be some ground for an argument, that after two successive verdicts and judgments, for the same person, or a third verdict and judgment, where there -had been verdict against verdict, the right was settled, and no other-action of any kind could be maintained. But in any other case, there is no intimation of an intent, in either of these statutes, to interfere with the right of-either party, to resort to another kind of action. As to the inference which is attempted to be drawn from the circumstance of this action never having been used before, I do not think it well founded. The first settlers of Pennsylvania brought with them the common law in general, except such parts thereof as were unfit for felonies. It might be expected, that in a young country, many years might elapse before there would be a necessity to make use of all the forms of action in practice in an old country, far advanced in arts, commerce, and- civilization. Accordingly, we find that such has been the case. The action of ejectment, being the most simple, and convenient, for the trial 'of titles to land, is almost the only one which has been used. But that is no reason for excluding all other actions; some of which, may be found in particular cases, not only useful, but necessary. When estates tail were found to be inconvenient, recouree was had- to common recoveries to. bar them, between fifty and sixty years after the date of William Penn’s charter, and before any act of assembly had been made expressly authorizing them. Now a common recovery is founded altogether on a writ of entry sur desseisin in le post; and contains all the proceedings in that action, from the original writ to the judgment. But that is not all. The judges of this court have expressed their unanimous opinions,’that real and possessory actions, other than ejectment, were extended to this country, by their reí port of the British statutes, including several statutes on the subject of such actions. And, what is of greater importance, our own legislature has taken for granted, that they did extend here, as plainly appears in the act “ for 'the limitation of actions to be brought for the inheritance or possession of real property, or upon penal acts of assembly,” passed the 26‘th of March, 1785, 3 Sm. L. 299. The distinction between the inheritance and possession, in the title, is applicable to other actions than ejectment, which is confined to1-the possession only; and in the second section of the act, it is expressly enacted, that.no person shall have or maintain any writ of - right, or any other real or possessory writ or action for any lands, &c. of the seisin or possession of himself, or his ancestors, &c. nor declare, or allege any other seisin or possession of himself or his ancestors, &c. than within 21 years next before suit, writ, &c. hereafter to be sued, &c. But even if the writ of entry had never been used before, it would be no answer to the action,' to .say, that it was the first of the kind. We have several in-
\ *274 stances of writs, and remedies, known to the common law, and never introduced into practice here, till since our independence. Such was the jury de medietate linguse, which was claimed by a foreigner, for the first time, and granted in the case of the Commonwealth v. Mesca, &c. 1 Dall. 73. And such within the last few years, was the assize of nuisance, brought by Mr. Lewis. It was a long time before the action of Homme replegiando was known among us. Yet it was at last perceived to be adapted to certain cases where personal liberty was invaded, and brought into practice without objection. I do not believe that a writ of audita querela, was ever issued in Pennsylvania; yet if now issued, I presume, no lawyer would question its legality. By laying down a sweeping principle, that an ejectment is the only action for the recovery of real property, we should, in my opinion, not only transcend the powers of this court, but throw away a treasure, the value of which, would not be fully known till we experienced the want of it. Cases may arise in which an ejectment would not be an adequate remedy; nay, there are rights, at this moment existing, which in case of a deseisin, could not be recovered by an ejectment. Such are rents, commons, and all incorporeal hereditaments, for none of which, an ejectment lies. 3 Black. Com. 206. Brownl. 129. Cro. Car. 492. 1 Str. 54. In many, and I believe in most states of the union, other actions than ejectment are in practice for the recovery of real property, and I can see nothing so singular in our own condition, as should induce us to exclude them, even if this court had the power. I am of opinion, therefore, that the action lies. But though it does lie, it ought not to be encouraged, in cases where an ejectment would be a complete remedy ; because it is an antiquated proceeding, not well understood by our lawyers, and exceedingly troublesome in practice. I am, therefore, for holding a strict hand over it. If a man will annoy his neighbour, without necessity, he must not complain if strict measure is dealt out to him. And I believe, I may venture to assure the gentlemen of the bar, that they will not promote the interest of their clients, by resorting to writs of entry, except in extraordinary cases. In the case before us, there was a demurrer and joinder. Let us see then, whether the writ and declaration are conformable to precedent. The land demanded should be described with reasonable certainty, yet in the writ it is not mentioned in what eounty it lies. It is described as three hundred acres of land, with the appurtenances, in Greenwood township. In the count, it is true, it is said, that the land is in Greenwood township, in Mifflin county, but then, it is said to contain two hundred and fifty acres, so that the tract of land mentioned in the writ, and that in the count, do not appear to be the same. For which then, should judgment have been given, had the cause gone in favour of the demandant? The variance between the writ and count, is not cured, because no verdict was given, but the cause was decided on demurrer. But there *275 is another, defect in the count. In all thé precedents which I have seen, the demandant avers, that he was seised in his demesne as of fee and right, by taking the profits of the land to the value of six shillings and eight pence; it is usual to express this by the words, to the value, ¿re., by which, &c. is undérstood, “of six shillings and eight pence.” But in the present count, it is only said, that he was seised in his demesne, as of fee and right, by taking the explees, &c. without any mention of value. If it be asked, for what reason the value should be inserted, it is sufficient to answer, that such is the law. There are many things which originated in good reason, now lost in antiquity. When the defendant demurred, the plaintiff was put on his guard; he should have looked to his count. The liberality of our acts off assembly would have permitted an amendment. But he choose injoin in demurrer, and must take the consequence. I am of opinion, that the count was defective, and therefore, the judgment should be' affirmed.
Gibson, J.
On the subject, in general, of reviving antiquated forms of the English common law, I regret, that it is my lot to differ from my brethren. Much that might be said here, I have already expressed in Lisle v. Richards, and I shall not repeat it; but I cannot think, that in emigrating from England, our ancestors ought to be supposed to have ransacked the lumber garrets of the law, to bring away its worn out jnachinery, which even there,' had been cast away as useless. In regard to the convenience of the writ of entry, in particular, as a mode to try title to land, or the policy there would be in reviving it, if that matter lay in our discretion, there is but one opinion: I differ only in holding, that we are not bound to revive it. As an adverse proceeding, it has been disused in England for about two centuries ; and hitherto, no lawyer in Pennsylvania has thought of having recourse to it, I, therefore, can see no reason for sustaining it, at this day, which would not equally hold to sustain-the trial by battle, and a great variety of other forms, that are entirely obsolete. It is said, however, that the English statutes which relate to this form of action, have been embraced in the report,' by the judges of this court, of those statutes which have been extended by practice to this country. Of the legitimate effect of this report, also, I have expressed iny opinion in the case just referred to; and I shall only say, that if the fact of this writ having at gny time been in use here, were doubtful1, that report might be a circumstance, but not conclusive, to show' that it had: but it is not pretended, that the present is not in truth, the only instance of its having been issued here, since the settlement of the province. A more plausible argument is, that in the act of limitations of the 26th March, 1785, it is declared, that no one shall maintain any writ of right, or any other real or possessory action after twenty-one years from the time when his right of entry first accrued. But can it be supposed, the legislature intended by this to sanction the use of the writ of entry? It might *276 as well be said they intended to sanction .the use of the grand writ of right, which it has never been pretended.' could be sustained here: indeed, it is a remedy, which, on account of the forms to be observed in conducting it, is impracticable in this country. The writ of entry is a possessory action; but the writ of right of dower might possibly be sustained in this state, and the legislature may be supposed to have spoken in relation to it; but if an intention by implication, is to go for any thing at all, it must go much farther ; for they speak of a demandant counting of the seisin of his ancestor; which can never be in a writ of right of dower.
But it seems to me, the true construction of this act, is to intend, what I have no doubt is true in fact, that the legislature used these general expressions from extreme caution, and by anticipating, to prevent attempts like the present, to elude the act; and such attempts would undoubtedly have been made if its provisions had been exclusively applicable to the action of ejectment, 'the only remedy then in use, for the trial of title to land. Could they have anticipated that the writ of entry would be used as in this instance, to elude the payment of the costs of a preceding action, there cannot be a doubt that they would have passed a declaratory act in express terms, settling the question of its legal existence among us, for ever. But if implication is to go for any thing, they have, I take it, passed such an act. Every provision of the act of the 21st of March, ISO6, is formed upon the basis of the writ of ejectment given by that act, being from thenceforth the only action, by which the possession of land should be recovered. That appears to me to be a postulate of their system.- It is-provided that nothing less than two verdicts should be conclusive of the right — one recovery in the writ of entry is so. But the great aim of the legislature, was to get rid of the artifical structure of the old action of ejectment, and to bring the form of the proceeding to a level with the comprehension of the people; but they have legislated in vain, if an action, tenfold more obscure in its principles, and intricate as respects the pleadings, may be substituted in its place. At this day there is scarcely a lawyer in England, and certainly not one in Pennsylvania, capable of conducting it with convenience to himself, or with safety to his elient. In abolishing the old form of ejectment for its technicality, does not the act of the legislature give rise to a direct and satisfactory implication of intention, that no other form of action pregnant with the samo inconvenience, was in any event to be resorted to? I have no hesitation in saying, that the writ of entry, standing in equal, if not greater mischief, with the old action of ejectment, is within the spirit and intention of the act of 1806; and that the true construction of that act would be to consider it. within its purview. I shall pursue this subject no further, but merely express my concurrence with my brethren, that even if the writ be held to he, still , the judgment ought to be affirmed on the grounds they have taken: for myself, however, I am for af-' *277 firming it, on the broad ground, that the action is in no shape sustainable. _
Duncan, C. J.
On the general .doctrine of disseisin, Lord Mansfield has said, it was once well known, but is not now to be found; the more we read, the more we shall be confounded. Taylor v. Horde, 1 Burr. 110. Taking it for granted, that what would confound Lord Mansfield, would overwhelm me, I never have puzzled myself with this abstruse subject, and I never shall. The study of it neither affords profit nor pleasure, and I have no ambition to be wiser than Lord Mansfield. There are various writs of this kind, with very barbarous names — JHyle, besayle, tresayle, disseisin in le per, and in le post, and cosinage. I take this to be an assize of novel disseisin, where perhaps it would be in the election of the tenant to defend himself by the duel, or put himself on the grand assize to try the right, or upon a jury to try the entry. 1 Reeve’s H. E. L. 339. The tenant has not elected any of these three remedies, but has chosen to demur. With the plaintiff’s motives for adopting this form of action, whether sinister or not, we have nothing to do. T may conjecture — but still— this cannot and ought not to influence my judgment. If such an action can be supported in Pennsylvania, the register of writs was open to him. My opinion is, that such action lies here. The whole doctrine of common recoveries at1 common law, and of fines, of which there have been some instances, rests on the principle of the introduction of writs of this form; and in practice, some adverse writs of assize,have issue.d. And what weighs more with me is, that in the report of thejudges of this court, of the English statutes in force, they have introduced and incorporated with our law, many statutes, regulating the writs of disseisin. It would tend to unsettle tire foundations of title, resting on the existence of these remedies, now to say the)’ never did exist. I acknowledge, that in practice, as an adverse writ, it has not been adopted; yet its principles have so far prevailed, as to render it unsafe to decide, that it never did exist, or that it has ceased to exist. And there is found in the act, of limitations of 26th March, 1785, a recognition of this writ; and that there is a remedy for invasion of real property or titles, other than ejectment. It provides, il that no person shall maintain any writ of right, or any other real or possessory action, unless there has been a possession or seizin within 21 years.” And I-cannot discover, any relation that the act giving the new form of ejectment, has to this form of action. It is a substitution for the fietion in ejectment, whether it is an improvement or not, there may be a difference of opinion. It is silent as to all other remedies, and does not change any of the ancient forms of writs, and the writ of dower would be excluded. It is a tedious and expensive proceeding, little understood in its principles, very inconvenient in practice, and entitled to no favour. The remedy by ejectment is so well understood, it is so comprehensive as to embrace al *278 most every possible injury of this kind, and from its simplicity so much preferable to this complex proceeding, that I would hold the plaintiff, who sues out such .writ, to the strictest form, the most precise certainty, and would require of him the most minute exactness. On this demurrer, we must look to the first false pleading, and see, admitting this writ to lie, whether the plaintiff has not committed the first error. This is not after a verdict, which might cure many omissions. It is a general, rule, that a demurrer admits all such facts as are sufficiently pleaded, but not those that are ill pleaded. On demurrer upon a matter of law, though the parties join in some point, on which if it stood alone, judgment shouldbe given for the one party; yet, if on the whole record, matter in law appears why judgment should not be given for that party, the court must so determine on the whole record. Ilob. 56.
The writ omits to state the county in which the disseisin is alleged, and the action is a local one. It describes the lands as lying in Greenwood township. There are two Greenwoods — one in Perry and the other in Mifflin. It states no boundaries; gives no name to the tract. Such description would be too loose and uncertain in ejectment, where greater laxity is allowed, than in ancient writs, where the plaintiff after recovery may enter without writ, and where the habere facias possessionem, is more in the power ofthe court, who will see that possession is not delivered of other lands, than those recovered. The count in the declaration is defective. It begins abruptly. “And whereupon the said James Witherow, &c demands against the said Frederick Keller.” It neither recites the writ, as that F?'ancis Keller was summoned to answer James Witherow, of a plea, &e., nor does it state the plaintiff’s complaint. It has neither head nor front. It pursues neither the form in the King’s Bench, nor Common Pleas. It wants the queritur altogether. And the count varies in the description from the writ; the quantity, is almost the only description in the writ. The plaintiff demands 300 acres in the writ; he counts for 350 acres. Now, if he obtains judgment, which is he to recover, 300 or 350 acres? And the demurrer is both to the writ and count. If judgment is given for him on the demurrer, what will the number of acres be? The defendant might well demur, because the locus is not in the writ, alleged to be in Mifflin county; secondly, because the count is for a different tract of land fromthe writ; and thirdly, because it Is the fragment of a declaration, to which the defendant v/as not bound to answer. Most probably it was taken from some record of an action, which after setting out the writ, proceeds, and whereupon, &c.; or some book of precedents, which first gives a form of writ, and then of declaration on that writ, without repeating the writ. Be this as it may, it is but the remnant of a declaration.
For this reason, my opinion is, that judgment be affirmed. I should with reluctance defeat a party of his right by any technical objection. But here I act unreluctantly, as the plaintiff still has *279 his remedy, by renewing his action in this form, if he has a predeliction for this antique writ; or resorting to that form which all other'men have found an adequte remedy, for every injury of this kind, at least for the injury of which he complains, ejectment. And it would produce fatal consequences to the defendant’s right, which might be gone for ever,*if this judgment be reversed and judgment entered for the plaintiff.
Judgment affirmed.